**CT Corporation**

**Service of Process Transmittal**
10/28/2021
CT Log Number 540496629

**TO:** Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Georgia**

**FOR:** Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: NORTON GLENDA // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate(s), First Request(s) |
| **COURT/AGENCY:** | Forsyth County - State Court, GA<br>Case # 21SC1596A |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 01/02/2020, 4735 Jonesboro Road, Union City, GA |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/28/2021 at 14:21 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Natalee Drummond-Fairley<br>The Fairley Firm, LLC<br>1745 Phoenix Boulevard, Suite 400<br>Atlanta, GA 30349<br>404-596-6600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/28/2021, Expected Purge Date: 11/02/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
10/26/2021 1:13 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS

SUMMONS | SC-85-1 | 21SC-1596-A

Abernathy-Maddox, Leslie

## IN THE SUPERIOR/STATE COURT OF

**STATE OF GEORGIA**

FORSYTH COUNTY

GLENDA NORTON
c/o THE FARLEY FIRM, LLC
1445 PHOENIX BOULEVARD, SUITE 400
ATLANTA, GA 30349 **PLAINTIFF**

| | CIVIL ACTION NUMBER |
| --- | --- |

VS.

WAL-MART STORES EAST, LP
c/o THE CORPORATION COMPANY
106 COLONY PARK DRIVE, STE -200B
CUMMING, GA 30040- **DEFENDANT**
3994

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

NATALEE DRUMMOND - FARLEY
THE FARLEY FIRM, LLC
1445 PHOENIX BOULEVARD, SUITE 400
ATLANTA, GA 30349

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 26 day of October , 20 21 .

Clerk of Superior/State Court

BY /s/ Maria Lamela

_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed; make notation on this sheet if addendum sheet is used.

FORSYTH COUNTY, GEORGI/
FILED IN THIS OFFIC!
10/26/2021 1:13 PI
GREG G. ALLEI
CLERK OF THE STATE COURT:
21SC-1596-/
Abernathy-Maddox, Lesli

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

GLENDA NORTON,                    )
                                  )
            Plaintiff,            )     Civil Action No: _____
                                  )
                                  )
v.                                )     JURY TRIAL DEMANDED
                                  )
                                  )
WALMART INC. and WAL-MART         )
STORES EAST, LP                   )

            Defendants.

### COMPLAINT FOR DAMAGES

COMES NOW Glenda Norton, Plaintiff in the above-styled civil action, and states her

complaint for damages against Defendants Walmart INC. and Wal-Mart Stores East, LP and shows

this Court the following:

### PARTIES AND JURISDICTION

1.

Plaintiff Glenda Norton is a citizen of the State of Georgia and subjects herself to the

jurisdiction of this Court.

2.

Defendant Walmart INC. is a foreign for-profit corporation organized under the laws of the

State of Delaware and registered to do business in the State of Georgia. Defendant Walmart INC. may

be served with a copy of the summons and complaint through its registered agent, The Corporation

Company, at 106 Colony Park Drive, St. 800-B, Cumming, GA 30030-2794.

3.

Defendant Wal-Mart Stores East, LP is a foreign for-profit limited partnership organized

under the laws of the State of Delaware and registered to do business in the State of Georgia.

Defendant Wal-Mart Stores East, LP may be served with a copy of the summons and complaint

through its registered agent, The Corporation Company, at 106 Colony Park Drive, St. 800-B, Cumming, GA 30030-2794.

4.

Venue is proper in the State Court of Forsyth County as Defendants' registered agents are located in Forsyth County.

5.

Defendants were properly served in this matter.

## STATEMENT OF FACTS

6.

Plaintiff hereby incorporates paragraphs 1 through 5 as if fully restated herein.

7.

At all relevant times -- specifically on or around January 2, 2020 -- Defendant Walmart INC. and Defendant Wal-Mart Stores East, LP (herein collectively referred to as "Defendants") owned, operated, occupied, controlled and/or managed the Wal-Mart store located at 4735 Jonesboro Road in Union City Georgia.

8.

On or around January 2, 2020, Ms. Glenda Norton visited the Walmart store located at 4735 Jonesboro Road in Union City, Georgia 30291 to take advantage of the post-holiday sales promoted by Defendants.

9.

Ms. Norton was accompanied by her daughter and husband.

10.

At all relevant times herein, Ms. Norton was pushing a large shopping cart which naturally obscured her vision of the floor.

11.

Ms. Norton and her daughter eventually made their way to the aisles containing discounted Christmas items.

12.

Ms. Norton, with her daughter walking directly behind her, approached the aisle containing candles.

13.

After coming to the end of the aisle containing Christmas sale items, Ms. Norton and her daughter made a left turn, followed by another left turn to enter the adjacent aisle which contained candles.

14.

After entering the adjacent aisle, Ms. Norton proceeded to push her cart forward while looking left at the candles on display.

15.

Suddenly and without warning, as Ms. Norton was pushing her cart forward, she stepped into a puddle of paint covered by paper towels causing her to lose her balance.

16.

After losing her balance, Ms. Norton fell to the ground causing her knees and body to collide with the floor.

17.

After her fall, Ms. Norton identified the substance as spilled light blue paint which was covered by paper towels.

18.

At the time of Ms. Norton's fall the paint spill was left unattended.

19.

At the time of Ms. Norton's fall, there were no signs warning customers of the spill.

20.

At the time of Ms. Norton's fall, there was no person or object restricting customers from accessing the spill.

21.

As a result of her fall, Ms. Norton sustained serious physical injuries requiring significant medical treatment and expenses.

## COUNT I. NEGLIGENCE

22.

Plaintiff hereby incorporates paragraphs 1 through 21 as if fully restated herein.

23.

At all times mentioned herein, Defendants had exclusive control and management of the Walmart store located at 4735 Jonesboro Road in Union City, Georgia.

24.

At said time and place Glenda Norton was an invitee on Defendants' premises and was entitled to be upon said premises such that Defendants owed Glenda Norton all duties set forth pursuant to O.C.G.A. § 51-3-1.

25.

At all times mentioned herein, Defendants controlled and/or managed the property and had the legal duty to keep the premises in a state consistent with the due regard of the safety of their invitees, including Glenda Norton.

26.

Defendants knew of, or with the exercise of due care for the safety of invitees should have known of, the dangerous and hazardous conditions existing on the premises and the failure to

maintain, inspect, and manage the premises and that said conditions were likely to result in the injuries suffered by Plaintiff Glenda Norton.

27.

Defendants had actual or constructive knowledge prior to Glenda Norton's fall that a foreign substance had been allowed to exist and remain on the floor creating a dangerous condition on the premises for Defendants' invitees.

28.

Defendants negligently failed to maintain and inspect the premises thereby causing an unreasonable risk of injury to Glenda Norton.

29.

Defendants negligently failed to maintain a policy, procedure or system of investigating, reporting and warning of the aforementioned dangerous and hazardous condition existing on the premises and negligently maintained the property.

30.

Because Defendants had knowledge of, or in the exercise of reasonable care, should have had knowledge of the dangerous and hazardous conditions existing at the premises, Defendants are liable for the negligent supervision, hiring, training, and retention of their employees, agents, and apparent agent/employees and the entrustment of said property to their agents and employees.

31.

The injuries sustained by the Plaintiff are the direct and proximate result of the negligence on the part of Defendants. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

32.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, consequential, punitive and/or other damages permitted under Georgia law.

33.

Plaintiff states her intention and desire to bring each and every permissible, proper and authorized claim for damages under Georgia law against Defendants.

34.

The injuries sustained by the Plaintiff are the direct and proximate result of the negligence of Defendants. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

35.

Plaintiff states her intention and desire to bring each and every permissible, proper and authorized claim for damages under Georgia law against Defendants.

## COUNT II. ATTORNEY'S FEES

36.

Plaintiff hereby incorporates paragraphs 1 through 35 as fully restated herein.

37.

Because Defendants' actions were and are stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense, Plaintiff is entitled to recover the necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action. (O.C.G.A. § 13-6-11). Furthermore, Plaintiff is entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that:

a) Process issue and the Defendants be served as provided by law;

b) Plaintiff has trial by jury;

c) The Plaintiff be awarded general, special, compensatory, incidental, consequential, punitive and all other permissible damages, in accordance with the enlightened conscience of an impartial jury;

d) For attorney's fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

e) The Plaintiff be awarded interest and costs; and

f) The Plaintiff be awarded such other and further relief as this Court deems just and proper and permitted under Georgia law.

**TRIAL BY JURY IS HEREBY DEMANDED.**

This 26th day of October, 2021.

Respectfully submitted,

**THE FAIRLEY FIRM, LLC**

*s/ Natalee Drummond-Fairley*
Natalee Drummond-Fairley
Georgia Bar No. 238119
Attorney for Plaintiff

1745 Phoenix Boulevard, Suite 400
Atlanta, Georgia 30349
404-596-6600
natalee@fairleyfirm.com

**THE FORSYTHE LAW FIRM, LLC**

*s/ Christine A. Forsythe*
Christine A. Forsythe
Georgia Bar No. 321456
Attorney for Plaintiff

1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
(404) 476-2717
christine@forsythelawfirm.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
10/26/2021 1:13 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1596-J
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

GLENDA NORTON,          )

                          )

          Plaintiff,     )

                          )

     v.                  )

                          )

WALMART INC. and WAL-MART   )

STORES EAST, LP         )

          Defendants.

Civil Action No: _____

JURY TRIAL DEMANDED

### RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

COMES NOW GLENDA NORTON, Plaintiff in the above-styled civil action, and pursuant to Georgia Uniform State/Superior Court Rule 5.2, the undersigned does hereby certify that she has served the Defendants in the above styled case with a copy of the following documents:

1.    Plaintiff's First Interrogatories to Defendants Walmart INC. and Wal-Mart Stores East, LP.
2.    Plaintiff's First Requests to Produce to Defendants Walmart INC. and Wal-Mart Stores East, LP.
3.    Plaintiff's First Requests for Admissions to Defendants Walmart INC. and Wal-Mart Stores East, LP.

Said copies were delivered to Defendants by way of service through private process server, together with the Summons and Complaint, and properly addressed as follows:

**Defendant Walmart Inc.**
**c/o The Corporation Company**
**106 Colony Park Drive, Ste 800-B**
**Cumming, GA 30040-2794**

**Defendant Wal-Mart Stores East, LP**
**c/o The Corporation Company**
**106 Colony Park Drive, Ste 800-B**
**Cumming, GA 30040-2794**

Respectfully submitted this 26th day of October, 2021.

**THE FAIRLEY FIRM, LLC**

*s/ Natalee Drummond-Fairley*
Natalee Drummond-Fairley
Georgia Bar No. 238119
Attorney for Plaintiff

1745 Phoenix Boulevard, Suite 400
Atlanta, Georgia 30349
404-596-6600
natalee@fairleyfirm.com

**THE FORSYTHE LAW FIRM, LLC**

*s/ Christine A. Forsythe*
Christine A. Forsythe
Georgia Bar No. 321456
Attorney for Plaintiff

1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
(404) 476-2717
christine@forsythelawfirm.com

2

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

GLENDA NORTON,                          )
                                        )
    Plaintiff,                        )
                                        )         Civil Action File No. _____
v.                                      )
                                        )         JURY TRIAL DEMANDED
WALMART INC. and WAL-MART               )
STORES EAST, LP                         )
                                        )
    Defendant.                        )
_____)

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES AND REQUEST TO PRODUCE TO DEFENDANTS WALMART INC. AND WAL-MART STORES EAST, LP

### REQUESTS FOR ADMISSION

Plaintiff GLENDA NORTON hereby requests that Defendant admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 911-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

1.

Please admit that Defendants owned, operated, controlled or managed the Walmart store, located at 4735 Jonesboro Road in Union City, Georgia 30291.

2.

Please admit at the time of the incident the Defendants knew, or with the exercise of due care for the safety of invitees should have known, the subject area of the Walmart store referenced in the Complaint was not safe.

3.

Please admit the Defendants had a duty to make regular inspections of the subject area of the Walmart store referenced in the Complaint.

4.

Please admit the Defendants had actual or constructive knowledge and should have known that the subject area of Walmart store referenced in the Complaint had a foreign substance that had been allowed to exist and remain on the floor causing a dangerous and hazardous condition for Defendant's invitees.

5.

Please admit the Defendants did not post a visible warning regarding the fact that the subject area of Walmart store referenced in the Complaint posed a danger to invitees.

6.

Please admit Defendants failed to make regular inspections of the subject area of Walmart store referenced in the Complaint.

7.

Please admit the Defendants had a duty to maintain, inspect, and manage the premises and the subject area of Walmart store in the Complaint.

8.

Please admit the Defendants failed to maintain, inspect, and manage the subject area of the Walmart store referenced in the Complaint.

9.

Please admit the state of being of the subject area of the Walmart store referenced in the Complaint created a hazardous condition at the time of the incident.

10.

Please admit that Glenda Norton did nothing to cause her injuries.

11.

Please admit that the incident at issue in this underlying suit was Defendants' fault.

12.

Please admit that you were served with the Summons and Complaint in the above-styled action.

13.

Please admit that service of process was proper.

14.

Please admit that venue for the above styled action is proper in FORSYTH County, Georgia.

15.

Please admit that this court has personal jurisdiction over Defendants for purposes of this lawsuit.

16.

Please admit that Plaintiff has joined all parties necessary in adjudicating the underlying action.

## INTERROGATORIES

Plaintiff GLENDA NORTON, hereby requests that Defendants answer in writing and under oath the following Interrogatories within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-33. In responding, Defendants are requested to furnish such information as is available to Defendants, and within the knowledge of any of Defendants' attorneys, investigators, agents, employees, and other representatives.

Thus, when a question is directed to Defendants, the question is also directed to the aforementioned persons. To the extent any information called for is objected to upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege. These interrogatories are deemed continuing so as to require supplemental answers if the persons or entities to whom these interrogatories are addressed obtain further information between the time of the initial answers are served and the time of trial.

## PRELIMINARY INSTRUCTIONS ABOUT DISCOVERY IN THIS CASE

Defendants are hereby instructed not to make "general objections" based on privilege or work product claims, as such general objections do not specify that facts or documents exist which are subject to such claims, do not identify in any way the facts or documents to which privilege or work product is claimed, and do not provide anything to the Court for decision. If a particular interrogatory does, in fact, encompass facts or documents which you believe to be properly

withheld from Plaintiff, then you are instructed to so state. In the case of such withholding in response to any of these interrogatories, you are instructed to prepare responses to the interrogatory, as asked, which includes the information which you seek to withhold based on a claim of privilege or work product and submit that full response to the Court, in camera, along with any other evidence which supports the claims and along with the response provided to Plaintiff, for decision by the Court of the claimed right to withhold evidence. Failure to comply with these instructions will be deemed by Plaintiff to be a failure to answer or respond under O.C.G.A. § 9-11-33, inasmuch as the object of such failure could only be to delay, protract, and obstruct these proceedings, in violation of O.C.G.A. § 9-11-26.

If in response to any of Plaintiff's interrogatories, Defendants fail to disclose any fact and then Defendants subsequently disclose such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by Defendants, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff, when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff in Defendants' initial response to these interrogatories.

If Defendants believe that information responsive to these interrogatories is somehow confidential because it contains trade secrets or allegedly proprietary business information, such belief in and of itself provides no basis for the blanket withholding of production of such information in a timely manner. If Defendants intend to make such claims about responsive information, Defendants should 1) contact Plaintiff's counsel prior to responding to these requests and 2) articulate to Plaintiff the basis for the claims of confidentiality of each such document or fact to which a claim of confidentiality is made in the form of a log identifying each document or

fact and describing it with reasonable particularity as to time, authorship, recipients, and subject. Absent following these steps, any confidentiality objections shall be deemed waived and without merit.

Stated another way, it is improper for Defendants to attempt the following strategy: wait until the time has run for responding to the requests herein, interpose boilerplate objections in its responses that a particular request is overboard, oppressive, or unduly burdensome (or similar such objections) and then fail to provide any substantive response to the discovery request in its responses. If Defendants seek to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that Defendants file a motion for protective order prior to the running of the time for response to these request, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on Defendants to justify any such objection. Moreover, filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these requests.

This note is provided specifically to put Defendants on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, their actions will be in willful violation of these Georgia Rules of Civil Procedure. At such time, Plaintiff will consider all objections waived and Plaintiff will move instanter for sanctions, including the costs and fees incurred pursuing such motion, the disclosure of any information, and any other sanctions merited by law.

Any documents produced in response to these interrogatories should be mailed or sent by Federal Express to the law offices of THE FAIRLEY FIRM, LLC located at 1745 Phoenix Boulevard, Suite 400, Atlanta, Georgia 30349 and THE FORSYTHE LAW FIRM, LLC located

at 1050 Crown Pointe Parkway, Suite 500, Atlanta, GA 30338 <u>no later than</u> forty five (45) days from the date of service.

### DEFINITIONS

For the purposes of these requests, the following terms should be interpreted as follows:

1) "Document" means every writing, printing, record, graphic, photographic, or sound reproduction of every type and description—be it tangible in the form of paper or intangible in the form of electronic communications—that is in your possession, control, custody, and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, electronic mail ("e-mail"), memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings; every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original. Plaintiff expressly intends for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference.

2) "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3) "Incident at issue in this suit" means the incident of January 2, 2020, occurring at the Walmart store, located at 4735 Jonesboro Road, Union City, Georgia 30291.

4) Plaintiff requests that Defendants take the time to accumulate all information which is called for by this discovery request, whether it be facts or documents, and to provide all such information in its initial written discovery responses. If the time provided by law to respond to this written discovery does not provide you an adequate to do so, Plaintiff will extend the time, provided the extension requested is not excessive.

5) Plaintiff requests that Defendants respond to and supplement these and all future interrogatories with direct and concise responses and answers from Defendants which can be read to a jury. Plaintiff requests, therefore, that Defendants not answer interrogatories in this case by cross-referencing answers and responses given in other paragraphs of this same discovery, but rather answer with a full, clear textual response to each question.

1.

Please identify the person or persons responding to these Interrogatories on behalf of the Defendants, and identify each person who has provided information in connection with these Interrogatories.

2.

Identify the owner of Walmart store, located at 4735 Jonesboro Road, Union City, Georgia 30291.

3.

Identify the person or entity responsible for the inspection, maintenance and upkeep of the subject area of Walmart store involved in the incident at issue in this suit.

4.

Identify any person not already named as a party to this lawsuit whom you contend caused or contributed to the incident at issue in this suit.

5.

Identify each person with whom you are aware that:

a. Witnessed the incident or the events occurring immediately before or after the incident; and/or who

b. Heard any statements made about the incident by any individual at the scene.

6.

Identify each employee with personal knowledge of the incident. For each such individual, identify his or her job title and job or function which was being performed by that individual at the time of the incident.

7.

Identify each person interviewed concerning the incident? For each such person, state:

a. The date of the interview

b. The substance of the interview.

If the interview was recorded and/or transcribed, a reproduction of the recording and/or transcript will suffice.

8.

Identify each and every written report made by any person concerning the incident.

9.

Please state, in your own words, your version of how the incident at issue in this suit occurred.

a.  State the basis upon which you have formed that belief.

b. Identify each person (excluding your attorney) who provided you with information which enabled you to respond to this Interrogatory.

10.

Identify any insurance agreement(s) under which any insurance business may be liable to satisfy part or all of any judgment which may be entered in this action, or to indemnify or reimburse you for payments made to satisfy the judgment, including in your answer the amount and limits of any such liability insurance coverage.

11.

Identify all persons whom you intend to call as expert witnesses at the trial of this case, and for each such expert, identify:

a. The subject matter on which he or she is expected to testify:

b. The substance of the facts and opinions to which he or she is expected to testify:

c. A summary of the grounds for each opinion to which he or she will testify;

d. The basis upon which he or she qualifies as an expert on the subject matter to which he or she is expected to testify.

12.

Please identify your correct legal entity and identify stating the date on which such entity was formed, the State of incorporation, the name(s) and address(es) of all officers, directors, general partners, limited partners and all other parties with any interest in your organization.

13.

Identify any previous or subsequent incidents of which you are aware which occurred in substantially the same manner as the incident complained of in this lawsuit which also occurred in at the Walmart store, located at 4735 Jonesboro Road, in Union City, Georgia 30291.

14.

Identify in detail any changes that have been made by you, or anyone on your behalf, as to the policies concerning inspection and maintenance of the premises, or as to any warnings or signs relating thereto since the occurrence in question.

15.

Identify any and all policies and procedures in place regarding investigating, reporting, and warning of the dangerous and hazardous condition existing on the premises at issue in the Complaint, and state whether you followed those procedures.

16.

Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff, specifically, and/or to your invitees, in general, before the accident concerning the condition which caused or contributed to the incident complained of in this lawsuit.

17.

Identify any admission(s) or declaration(s) against interest which you contend was made by the Plaintiff following the incident in question.

18.

Identify the date and time which you were first notified of the fact that the subject area of the premises of the Walmart store posed a danger to invitees and identify the manner by which you became aware of this information.

19.

At the time of Plaintiff's injury, do you contend that any person or entity other than you managed the premises on which Plaintiff alleges she was injured and, if so, state each and every fact on which you base the contention and identify each and every writing that supports the contention?

20.

At the time of Plaintiff's injury, do you contend that any person or entity other than you and your employees and agents was responsible for the maintenance of the premises on which Plaintiff alleges she was injured and, if so, state each and every fact on which you base your contention and identify each and every writing that supports the contention?

21.

Describe in detail any conversations any representative has had with the Plaintiff prior to or following the incident in question.

22.

What efforts were made by the Defendants to correct the condition which Plaintiff contends caused the occurrence in question after the accident in question?

23.

Please describe what training procedures, if any, are followed in the course of training of Defendants' employees with regard to inspection, maintenance and upkeep of the premises of the Walmart store, located at 4735 Jonesboro Road, Union City, Georgia. This includes any and all written material, slides, photographs, films, videotapes, etc. which Defendants utilize in training its employees.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff GLENDA NORTON hereby requests that Defendants produce the following documents pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of THE FAIRLEY FIRM, LLC, located at 1745 Phoenix Boulevard, Suite 400, Atlanta, Georgia 30349, and THE FORSYTHE LAW FIRM, LLC, located at 1050 Crown Pointe Parkway, Suite 500, Atlanta, GA 30338 or at such other time, date, and location agreed to by counsel for Defendants and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

1.

Copies of all documents, things, or materials referred to or identified in any of your Answers to the Interrogatories.

2.

Copies of each and every document of any kind relating to this case, from every expert witness you may call at trial, including all materials in such file(s), such as, but not limited to, reports, correspondence, writings, photographs, log entries, e-mails, notes, internal memos, post-its, evaluations, diagrams, and investigations.

3.

Copies of each and every document of any kind relating to this case including all materials in such file(s), such as, but not limited to, reports, correspondence, writings, photographs, log entries, e-mails, notes, internal memos, post-its, evaluations, diagrams, and investigations.

4.

Copies of all invoices, receipts, estimates, repairs, documents, writings, notes, memos, investigations, correspondence or documents of any kind regarding the investigation, maintenance and upkeep of the premises of the Walmart store located at 4735 Jonesboro Road, Union City, Georgia from January 2015 to the present.

5.

Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

6.

A curriculum vitae or resume for each individual whom you expect to call as an expert witness during the trial of this case on the merits.

7.

Copies of all written policies and procedures in place on the date of the incident at issue in this suit relating to the investigation, maintenance, and upkeep of the premises on the subject Walmart property.

Respectfully submitted by attorneys for Plaintiff,

**THE FAIRLEY FIRM, LLC**

*s/Natalee Drummond-Fairley*
Natalee Drummond-Fairley
Georgia Bar No. 238119

1745 Phoenix Boulevard, Suite 400
Atlanta, Georgia 30349
404-596-6600
natalee@fairleyfirm.com

**THE FORSYTHE LAW FIRM, LLC**

*s/Christine A. Forsythe*
Christine A. Forsythe
Georgia Bar No. 321456
Attorney for Plaintiff

1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
(404) 476-2717
christine@forsythelawfirm.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
10/26/2021 1:13 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1596-A
Abernathy-Maddox, Leslie

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☑ State Court of _FORSYTH_ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____<br>MM-DD-YYYY | Case Number _____ |

**Plaintiff(s)**

NORTON GLENDA
Last        First        Middle I.        Suffix        Prefix

_____
Last        First        Middle I.        Suffix        Prefix

_____
Last        First        Middle I.        Suffix        Prefix

_____
Last        First        Middle I.        Suffix        Prefix

**Defendant(s)**

WALMART INC.
Last        First        Middle I.        Suffix        Prefix

WAL-MART STORES EAST, LP
Last        First        Middle I.        Suffix        Prefix

_____
Last        First        Middle I.        Suffix        Prefix

_____
Last        First        Middle I.        Suffix        Prefix

Plaintiff's Attorney NATALEE DRUMMOND-FAIREY Bar Number 238119 Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
- ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number        Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
11/23/2021 3:50 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1596-A
Abernathy-Maddox, Leslie

# IN THE STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

GLENDA NORTON,                                    Civil Action File No.
                                                  21SC1596A
      Plaintiff,

v.

WALMART, INC. and
WAL-MART STORES EAST, LP,

      Defendants.

_____/

## ANSWER OF DEFENDANTS

COME NOW, Defendants Walmart, Inc. and Wal-Mart Stores East, LP, and

make this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which

relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## FOURTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## SEVENTH DEFENSE

Plaintiff's claim for punitive damages is barred as a matter of law.

## EIGHTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.   (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para.

1).   Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof. These defects in the statutes, _inter alia_, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

<u>NINTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny these Defendants equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.   (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes _inter alia_, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are

entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases;   and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

<u>TENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine.   (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

<u>ELEVENTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendants in this case, to the Constitution of

the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendants, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct. See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991)

## TWELFTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

### 1.

Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint that Plaintiff is a citizen of the state of Georgia, based on knowledge and belief. Defendants deny the remaining allegations.

### 2.

Defendants admit, as stated, the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendants admit, as stated, the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint, at this time only.

5.

Defendants admit the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendants re-allege and incorporate Paragraphs 1 through 5 above as if fully set forth, herein.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint. Defendants admit that Defendant Wal-Mart Stores East, LP operated Store #855, located at 4735 Jonesboro Road, Union City, Georgia 30291 on January 2, 2020.

8.

Defendants lack sufficient knowledge and information to either admit or

deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny, as stated, the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendants deny, as stated, the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendants deny, as stated, the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants re-allege and incorporate Paragraphs 1 through 21 above as if fully set forth, herein.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint. Defendants admit that Defendant Wal-Mart Stores East, LP operated Store #855, located at 4735 Jonesboro Road, Union City, Georgia 30291 on January 2, 2020.

24.

Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

25.

Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves. Defendants admit that Defendant Wal-Mart Stores East, LP operated Store #855, located at 4735 Jonesboro Road, Union City, Georgia 30291 on January 2, 2020.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Defendants deny the allegations contained in paragraph 32 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

33.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.

Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.

Defendants re-allege and incorporate Paragraphs 1 through 35 above as if fully set forth, herein.

37.

Defendants deny the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

39.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof, (a) – (f).

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This the 23rd day of November, 2021.

McLAIN & MERRITT, P.C.


*/s/ Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No.  612725
Attorney for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **ANSWER OF**

**<u>DEFENDANTS WALMART INC. AND WAL-MART STORES EAST, LP</u>** has

this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 23rd day of November, 2021.

McLAIN & MERRITT, P.C.


*/s/ Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No.  612725
Attorney for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
11/23/2021 3:50 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1596-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

GLENDA NORTON,                                    Civil Action File No.
                                                 21SC1596A

     Plaintiff,

v.

WALMART, INC. and
WAL-MART STORES EAST, LP,

     Defendants.

_____/

## NOTICE OF TAKING DEPOSITION

YOU ARE HEREBY notified that beginning on the 21st day of February, 2022, commencing at 11:00 a.m., at the offices of The Fairley Firm, LLC, 1745 Phoenix Boulevard, Suite 400, Atlanta, GA 30349, the deposition will be taken of Glenda Norton. Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths. The deposition shall continue from day-to-day until completion. This deposition may also be videotaped by a videographer.

This the 23rd day of November, 2021.

McLAIN & MERRITT, P.C.

*/s/ Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No.  612725
Attorney for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing **<u>NOTICE OF TAKING DEPOSITION</u>** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 23rd day of November, 2021.

McLAIN & MERRITT, P.C.

<u>*/s/ Jennie E. Rogers*</u>
Jennie E. Rogers
Georgia Bar No.  612725
Attorney for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
11/23/2021 3:50 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1596-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

GLENDA NORTON,                                     Civil Action File No.
                                                   21SC1596A

    Plaintiff,

v.

WALMART, INC. and
WAL-MART STORES EAST, LP,

    Defendants.

_____/

## <u>12-PERSON JURY DEMAND</u>

    COME NOW Defendants Walmart Inc. and Wal-Mart Stores East, LP, and

demands a trial by a jury of twelve (12) persons.


    This the 23rd day of November, 2021.

                McLAIN & MERRITT, P.C.


                <u>/s/ Jennie E. Rogers</u>
                Jennie E. Rogers
                Georgia Bar No.  612725
                Attorney for Defendants
                WALMART INC.
                WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 23rd day of November, 2021.

McLAIN & MERRITT, P.C.


*/s/ Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No.  612725
Attorney for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

FORSYTH COUNTY, GEORGIA
FILED IN THIS OFFICE
11/23/2021 3:50 PM
GREG G. ALLEN
CLERK OF THE STATE COURTS
21SC-1596-A
Abernathy-Maddox, Leslie

## IN THE STATE COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

GLENDA NORTON,                                    Civil Action File No.
                                                 21SC1596A

     Plaintiff,

v.

WALMART, INC. and
WAL-MART STORES EAST, LP,

     Defendants.

_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1) DEFENDANTS' REQUEST FOR ADMISSIONS TO PLAINTIFF
2) DEFENDANTS' ANSWERS TO REQUEST FOR ADMISSIONS
3) DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

McLAIN & MERRITT, P.C.


/s/ Jennie E. Rogers
Jennie E. Rogers
Georgia Bar No.  612725
Attorney for Defendants
WALMART, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the 23rd day of November, 2021.

McLAIN & MERRITT, P.C.

*/s/ Jennie E. Rogers*
Jennie E. Rogers
Georgia Bar No.  612725
Attorney for Defendants
WALMART, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com